**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

MARK T. STINSON, SR,

    Plaintiff,

    v.
                                   Case No. 2:25-cv-02292-BCL-atc

NATHAN P. BROOKS, DAMON
KEITH GRIFFIN, D. MICHAEL
DUNAVANT, EDWARD L.
STANTON III,

    Defendants.

---

**ORDER DISMISSING COMPLAINT UNDER § 1915**

---

On March 7, 2025, Plaintiff, proceeding pro se, filed a complaint in the Southern District of Florida. Doc. 1. On March 13, 2025, the case was transferred to the Western District of Tennessee. Doc. 6. On July 16, 2025, Plaintiff filed a motion to proceed in forma pauperis (Doc. 23), which was subsequently granted (Doc. 24). On October 27, 2025, Plaintiff moved to amend his complaint, add new defendants, and transfer the case back to the Southern District of Florida. Doc. 28. Magistrate Judge Annie T. Christoff[1] issued a Report and Recommendation advising dismissal of this case and denial of all pending motions. Doc. 30. Plaintiff timely objected to the Report. Doc. 32. Plaintiff also filed a Formal Grievance and Motion for Administrative Review, Request for Ruling on Pending Objections, and Request for Disability Accommodation. Doc. 38.

---

[1] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the following reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 32) and **ADOPTS** the Findings of Fact and Conclusions of Law from the Report and Recommendation (Doc. 30), as modified below. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**, the Motion to Amend (Doc. 28) is **DENIED**, and all other motions are **DENIED AS MOOT** and **TERMINATED**.

**LEGAL STANDARD**

A United States District Court Judge may designate a United States Magistrate Judge to conduct evidentiary hearings and submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain motions. 28 U.S.C. § 636(b)(1). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Written objections to a magistrate judge's findings or conclusions must be specific. *See* Fed. R. Civ. P. 72(b)(2). "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

2

incredible, whether or not there are judicially noticeable facts available to contradict them."
*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 328
(1989) (explaining that Section 1915 is designed to screen "clearly baseless" claims, which
describe "fantastic or delusional scenarios").

### BACKGROUND

As stated in the Complaint, Plaintiff alleges that "[o]n or about November 2014 through
November 2016," his computers and phones were "tapped illegally" during a criminal prosecution
against him in this District, Case No. 16-cr-20247-JTF. Doc. 1 at 3. From April 2012 through June
2016, Plaintiff had been working on a patent for a cellular phone application called, "VIP
Concession," which would enable "ordering food, apparel, and parking from your cell phone. . .
and having it brought to your seat, or delivered to your home the next day if the apparel was not
in the stadium store." *Id.* In 2012, Plaintiff also sent an email to become a vendor with McDonald's.
*Id.* Plaintiff alleges Defendants illegally sent him to prison during the coronavirus pandemic in
order to take his application idea and prevent him from speaking out against their theft. *Id.* at 4.
Plaintiff alleges that Defendants are still "tapping" his computers and phone, while also harassing
his friends and family by trying to encourage them not to assist him in any way. *Id.*

Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
(1971) and Title 42, United States Code Section 1983, Plaintiff brings suit against two Assistant
United States attorneys who prosecuted his criminal case, Nathan Brooks and Damon Griffin, as
well as the United States Attorneys for the Western District of Tennessee during the relevant
periods, D. Michael Dunavant and Edward L. Stanton, under *respondeat superior* liability. *Id.* at
2, 4. Plaintiff alleges that Defendants violated his rights under the First, Fifth, Sixth, Eighth, and
Fourteenth Amendments by committing theft, fraud, and conspiracy against him, violating due

process, and sending him to prison illegally. *Id.* at 4. Plaintiff seeks $250,000,000.00 in damages from each Defendant. *Id.* at 5.

Plaintiff's Motion to Amend seeks to add Comspark International Inc. as a Defendant. Doc. 28 at 2. Plaintiff brings suit against Comspark for failing to properly file his patent application. *Id.* at 3. Plaintiff seeks $1,000,000,000.00 in damages for breach of contract, negligence and malpractice. *Id.* at 5.

The Report recommended that this Complaint be dismissed for failure to state a claim for which relief may be granted and that the Motion to Amend be denied. Doc. 30 at 13. The Report recommended that the Complaint be dismissed for failure to state a claim because all claims were barred by *res judicata*. *Id.* at 9. The Report noted that Plaintiff had previously filed multiple complaints against these Defendants on similar claims:

> *Stinson v. Fowlkes*, No. 2:19-cv-2867-MSN-tmp (W.D. Tenn. 2019);
> *Stinson v. Fowlkes*, No. 2:21-cv-2128-MSN-tmp (W.D. Tenn. 2021);
> *Stinson v. Fowlkes*, No. 2:22-cv-2694-SHM-tmp (W.D. Tenn. 2022);
> *Stinson v. Fowlkes*, No. 2:24-cv-02870-MSN-atc (W.D. Tenn. 2024).

Doc. 30 at 7. And each of those prior cases had been dismissed under 28 U.S.C. § 1915(e)(2). *Id.*

The Report recommended that the Motion to Amend be denied because the applicable statutes of limitation bar his new claims. *Id.* at 10. The Report also recommended that the motion to transfer this matter back to the Southern District of Florida be denied because that court correctly determined that venue lies in this District and Plaintiff appears to be attempting to circumvent filing restrictions against him in that forum. *Id.* at 13.

In his Objection to the Report, Plaintiff argued that the Report should be rejected in full. Doc. 32 at 6. However, Plaintiff only provided one specific objection: that the Magistrate Judge erred in recommending denial of leave to amend his complaint, because the "Amended Complaint

was timely relative to the stage of litigation, filed in good faith, and does not prejudice Defendants." *Id.* at 4. Plaintiff provided no other specific objections to the Report. *Id.* at 4–5.

In his Objections, Plaintiff appears to have also embedded an additional Motion to Amend. *Id.* at 8. Plaintiff seeks to add three more defendants: AT&T Corporation, the Dallas Cowboys and McDonald's Corporation. *Id.* at 9–10. Plaintiff sues AT&T for failing "to produce the emails, record of phone calls and related materials necessary for this case," the Dallas Cowboys for unauthorized use of Plaintiff's application after he disclosed information about it to them over electronic mail correspondence, and McDonald's for unauthorized use of intellectual property he shared during his vendor application process. *Id.* From these new Defendants, Plaintiff seeks damages in the amount of $10,000,000,000.00 each. *Id.* at 13. Plaintiff increased the damages sought from the original defendants to $500,000,000.00 each. *Id.* at 12.

## ANALYSIS

The Court will only consider Plaintiff's objection to the Report's recommendation to deny leave to amend, not the whole Report. *See Miller*, 50 F.3d at 380; *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). The Court agrees with the Report that amendment of the complaint would be futile because the statutes of limitations have run against all of Plaintiff's proposed new claims. *See* Doc. 30 at 10. Therefore, Plaintiff's objection to the Report is **OVERRULED**.

The Court agrees with the Report that Plaintiff's Complaint is not sufficient to avoid dismissal under Section 1915(e)(2)(B). From Plaintiff's history of unmeritorious filings and the nature of the claims alleged here, Plaintiff's Complaint is frivolous on its face. Even at this

procedural juncture and under the relaxed standard for pro se pleadings, Plaintiff's claims that the United States Department of Justice abused a criminal prosecution to tap his phone and spy on his computer in a theft of his intellectual property that also implicated three separate corporations, plus a professional football team, and resulted in damages to the tune of hundreds of millions of dollars, are plainly frivolous. *See Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328. Plaintiff's Complaint is **DISMISSED**.

## WARNING CONCERNING POTENTIAL RESTRICTION OF FILING PRIVILEGES

Plaintiff has engaged in a multijurisdictional barrage of frivolous and abusive pro se litigation over the past few years. Many of those abuses are recounted in the Order transferring this case to this Court. *See* Doc. 6 at 3–6. The Court will not repeat the full history in this Order, but it notes that at least two courts already have restricted Plaintiff's filing privileges due to his extensive history of vexatious litigation. *Id.*

Many of Plaintiff's abusive or frivolous lawsuits have wound up in the Western District of Tennessee, either because Plaintiff filed them here or because (as in this case) they were transferred here. Some of those matters include:

- *Stinson v. Fowlkes*, No. 2:22-cv-02694-SHM-tmp, 2022 WL 17540803, at *2 (W.D. Tenn. Dec. 8, 2022) ("Stinson has demonstrated a consistent pattern of vexatious filing practices before the Court, having brought several unsuccessful lawsuits with overlapping claims and the same Defendants.");
- *Stinson v. Fowlkes*, No. 2:19-cv-02867-MSN-tmp (W.D. Tenn. 2019), Doc. 18 at 5 ("Stinson has previously been warned about the potential consequences of his failures to comply. Yet he persisted in flouting his obligations as a litigant. His ongoing refusal unreasonably consumes the time and resources of this Court and the Defendants.").

Based on his extensive history of duplicative, frivolous, and abusive litigation in this District, the Court now **WARNS** Plaintiff that if he continues to file meritless, identical, duplicative, or abusive

lawsuits, the Court may restrict his filing privileges in this District or take other measures as may

be necessary in the Court's discretion to protect itself from abuse.

**CONCLUSION**

Plaintiff's Objections (Doc. 32) are all **OVERRULED**. The Court **ADOPTS** the Findings

of Fact and Conclusions of Law from the Report and Recommendation (Doc. 30), as supplemented

in this Order. Defendant's Complaint (Doc. 1) is **DISMISSED**, the Motion to Amend (Doc. 28) is

**DENIED**, and all other pending motions are **DENIED AS MOOT** and **TERMINATED**. Plaintiff

is **WARNED** that the continued filing or pursuit of frivolous, duplicative, or otherwise abusive

litigation may result in a restriction of his filing privileges or other sanctions. The Clerk is

**DIRECTED** to close this case.

**IT IS SO ORDERED**, this 6th day of May, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE